ALEXANDER VOLCHEGURSKY (SBN 209172)
LAW OFFICES OF ALEXANDER VOLCHEGURSKY
235 Montgomery Street, Suite 600
San Francisco, CA 94104
Telephone No.: (415) 986-4000
Facsimile No.: (415) 986-4001

SPENCER D. FREEMAN (*Pro Hac Vice*)
FREEMAN LAW FIRM, INC.
1107 ½ Tacoma Avenue South
Tacoma, WA 98402
Telephone: (253) 383-4500
Facsimile:  (253) 383-4501
Email: sfreeman@freemanlawfirm.org

UNITED STATES DISTRICT COURT
IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HYDENTRA HLP INT. LIMITED, a foreign corporation, d/b/a METART<br><br>Plaintiff,<br><br>vs.<br><br>MOTHERLESS, INC., a New York corporation; JOSHUA LANGE, an individual; and DOES 1-20,<br><br>Defendants. | **Case No.:  2:15-cv-03834-TJH**<br><br>**PLAINTIFF HYDENTRA HLP INT. LIMITED'S MOTION FOR EXTENSION OF TIME FOR JURISDICTIONAL DISCOVERY** |

Plaintiff, Hydentra HLP Int. Limited (hereinafter "Hydentra" or the "Plaintiff") files this Motion for Extension of Time for Jurisdictional Discovery

(hereinafter this "Motion") in the above-captioned case through its counsel, Spencer D. Freeman, The Freeman Law Firm, Inc.

## I.  INTRODUCTION AND FACTUAL BACKGROUND

On November 14, 2016, Plaintiff requested leave to conduct jurisdictional discovery in order to further explore a conflict between Defendants' position that Motherless.com, the website at issue in this case, had been previously sold and current information gleaned directly from the website.

On November 18, 2016, the Court granted Plaintiff's request, ordering that jurisdictional discovery be concluded by December 30, 2016. Plaintiff immediately began the process of determining all vendors associated with the website, drafting, and issuing subpoenas to these vendors. By November 28, 2016, 4 court days following the ruling (two weekends and the Thanksgiving holiday intervened)[1], twenty (20) different vendors were identified, subpoenas were drafted, and delivered to a process service company for service. These subpoenas each had a return date of December 14, 2016.

Each subpoena was served. As of this date, Plaintiff's counsel has received documentation from three (3) vendors. Plaintiff's counsel has also received objections from three (3) vendors, with indication that documentation would be disclosed thereafter. Plaintiff's counsel is working with these three objecting vendors to secure documentation. Plaintiff's counsel has also been in contact with another four (4) vendors and is in process of working with them to obtain the requested documentation. Regarding the remaining ten (10) vendors, Plaintiff's

---

[1] To further illustrate Plaintiff's commitment to adhere to the Court's deadline, Plaintiff's counsel was also preparing for a trial that started November 28, 2016 and concluded December 13, 2016. Even in light of this trial preparation and trial, Plaintiff's counsel ensured that the subpoenas were timely drafted and served.

counsel has been working on initiating contact and dialogue regarding the outstanding subpoena, thus far with no results.

From several vendors, it is clear that Mr. Joshua Lange and his current contact information remains active as contact for the vendor accounts.

## II.   ARGUMENT

Plaintiff has taken all steps possible to conduct and conclude discovery in the time period prescribed by the Court, including investigating, drafting, and issuing 20 subpoenas within 4 court days of the Court's Order Granting Leave to Conduct Jurisdictional Discovery.

As of the date of this filing, only 3 vendors have complied with the subpoenas, while another 7 vendors have been in contact and are working towards providing requested documents and information.  Contact has been attempted, and continues to be so, with the 10 remaining vendors.  Actions against those vendors to comply with the subpoenas may need to be considered and initiated.

This process is not futile.  From several vendors, it is clear that Mr. Joshua Lange and his current contact information remains active as contact for the vendor accounts.  This is an indication that Mr. Lange may be currently active in the administration and operation of Motherless.com.  Receipt of information from the currently outstanding 17 subpoenas may likely produce similar results.

Information from these remaining vendors is crucial, as it could be argued that Defendants' contact information on the few vendors that have responded is an anomaly of record keeping (and that may be so).  This is obviously a more difficult position for Defendants, and less likely to be true, if such contact information remains with these outstanding vendors.

Plaintiff has not yet scheduled Mr. Lange's deposition as it would be futile to do so until receipt of documentation from all vendors has been obtained.

Plaintiff believes that a 30 day extension is necessary in order to continue efforts to obtain compliance with the subpoenas that were issued on November 28, 2016.

### III.   CONCLUSION

For the reasons stated herein, it is respectfully requested that Plaintiff be granted an extension to January 30, 2017 to complete jurisdictional discovery.

RESPECTFULLY SUBMITTED this 28th day of December 2016.

**FREEMAN LAW FIRM, INC.**

*/s/ Spencer D. Freeman*
Spencer D. Freeman
Attorneys for Plaintiff

**LAW OFFICE OF ALEXANDER VOLCHEGURSKY**

*/s/ Alexander Volchegursky*
Alexander Volchegursky
Attorneys for Plaintiff

**Certificate of Service**

I hereby certify that on this 28th day of December, 2016, I electronically filed the above-entitled document with the Clerk's Office using the CM/ECF System and served the document as follows:

- On defaulted Defendant Joshua Lange and Motherless, Inc. by electronic transmission using the email addresses of [josh@dulotech.com](mailto:josh@dulotech.com), from which Mr. Lange has been communicating with me since his appearance in this matter.

                              */s/ Spencer D. Freeman*
                              Spencer D. Freeman